IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JOANN ALLEN ERNST, JAMIE ALLEN, JOANNA ALLEN and JACK ALLEN, | Civ. No. 10-6245-AA |
| Plaintiffs, | |
| v. | OPINION AND ORDER |
| CITY OF EUGENE, a municipality; Officer JOE KIDD, and Officer MATT LOWEN, in their individual capacity, and as a police official for the City of Eugene, | |
| Defendants. | |

Brian Michaels
259 East Fifth Avenue, Suite 300-D
Eugene, Oregon 97401

Marianne Dugan
259 East Fifth Avenue, Suite 200-D
Eugene, Oregon 97401
    Attorneys for plaintiffs

Jeffery J. Matthews
Ben Miller
Harrang Long Gary Rudnick P.C.
360 East Tenth Avenue, Suite 300
Eugene, Oregon 97401-3273
    Attorneys for defendants

1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiffs filed suit alleging claims under 42 U.S.C. § 1983 and common law claims of negligence and battery. Plaintiffs allege that defendant police officer Joe Kidd and/or defendant police officer Matt Lowen committed judicial deception in deliberately or recklessly making false statements or omissions material to the finding of probable cause in the issuance of a twenty-four hour search warrant, and that officers used excessive force in executing the warrant. Plaintiffs also allege constitutional violations against the City of Eugene (the City) under *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978) for failing to properly and adequately train its officers 1) not to deceive a magistrate in procuring search warrants, and 2) in the excessive use of force in executing a search warrant. Additionally, plaintiffs allege that defendants were negligent and committed battery in executing the search warrant.

Defendants move for summary judgment on plaintiffs' § 1983 claims alleging judicial deception by defendants Kidd and Lowen, and plaintiffs' *Monell* claim against the City of Eugene regarding the alleged failure to train officers not to engage in judicial deception. Plaintiffs filed a Rule 56(f) motion requesting a continuance of defendants' motion on their judicial deception *Monell* claim. Defendants' motion is granted and plaintiffs' motion is denied.

2 - OPINION AND ORDER

BACKGROUND

Plaintiffs Joann Allen Ernst, Jamie Allen, Joanna Allen, and Jack Allen resided together at 1295 Buck Street in Eugene, Oregon. Plaintiffs' claims arise from a twenty-four hour search warrant executed at plaintiffs' home on August 11, 2009.

In the summer of 2009, Officer Kidd was investigating the possession and delivery of controlled substances in the Eugene area. Officer Kidd relied on a confidential informant (CI) to identify individuals involved in the sale of heroin. In May of 2009, the CI identified Jack Allen, among others, as an individual involved in the distribution of heroin. Relying on the CI and additional information, Officer Kidd submitted an affidavit for a search warrant on August 7, 2009 to search two residences, one of which was the home of plaintiffs. The search warrant requested twenty-four hour service of the warrant.

Officer Kidd's affidavit included two paragraphs associating Jack Allen with weapons and violence:

> Kneece told Ofc. Lowen that Kneece took Jurrens to the Sacred Heart Medical Center after Jurrens was accidentally shot in the hand with a handgun by a man named Jack Allen. Kneece told Ofc. Lowen that Jurrens and Allen, a white male who was about 30, both lived at 1295 Buck St. at the time of this incident. The description of Allen and the location of the house on Buck Street matched those as described previously by CI and by Kneece. Ofc. Lowen relayed this information to me later.

Kidd Decl. Ex. 1 at 9.

3 - OPINION AND ORDER

> ...I am aware that Brian Jurrens recently received a gunshot wound in one hand in an incident that, according to Kneece, involved Jack Allen at 1295 Buck St. I am aware that Brian Jurrens is on post-prison supervision for Robbery III and Elude by Vehicle. I am aware that Jack Allen was arrested earlier this year for interfering with a Police Officer and was arrested in 2007 and 2008 for Carrying a Concealed Weapon. I am aware that Rodney Brandon Kneece, Brian Jurrens, Jack Allen and Victoria Rosier have all been arrested for Delivery and/or Possession of Heroin in recent years. Due to the potential of them being armed with firearms, coupled with their illegal drug usage and dealing, I am requesting twenty-four hour service for this warrant. The increased flexibility would afford responding officers the opportunity to serve the warrant during the hours of darkness, thus maximizing their ability to gain the element of surprise, and contact the suspects while they are less likely to be awake and carrying a firearm or attempting to hide or destroy evidence....

Kidd Decl. Ex. 1 at 12.

A magistrate issued the twenty-four hour search warrant, to be executed anytime of the day or night. In the early morning hours of August 11, 2009, officers convened at plaintiffs' residence and executed the search warrant.

As a result of defendants' search, the police located and seized marijuana and methamphetamine. Charges of unlawful manufacture of marijuana and unlawful possession of marijuana were brought against all plaintiffs and charges of unlawful possession of methamphetamine were brought against plaintiffs Jack Allen, Joanna Allen, and Jamie Allen. Ultimately, plaintiffs pled guilty to misdemeanor offenses; Jack Allen pled guilty to Unlawful Possession of Methamphetamine, Jamie Allen and Joanna Allen pled guilty to Frequenting a Place where Controlled

4 - OPINION AND ORDER

Substances are Used, and Joann Allen Ernst pled guilty to Unlawful Possession of Marijuana.

On August 11, 2010, plaintiffs filed this action. According to plaintiffs, Officer Kidd and/or Officer Lowen engaged in judicial deception by submitting the August 7, 2009 affidavit which deliberately or recklessly contained false statements or omissions that were material to the finding of probable cause for the twenty-four hour search warrant.[1] Plaintiffs also allege defendants engaged in an unreasonable search of plaintiffs' house, resulting in property damage and personal injury. Finally, Plaintiffs assert that the City failed to properly and adequately train its officers not to use excessive force and not to deceive a magistrate.

## STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and

---

[1] Specifically, plaintiffs allege that Officer Kidd's affidavit did not include Officer Lowen's ultimate finding that both Kneece and Jurrens lied about the source of the gunshot and his conclusion that Jurrens' wound was self-inflicted. The affidavit also did not include that Jack Allen was never a suspect in relation to the incident. Further, plaintiffs maintain that Jack Allen's arrest for carrying a concealed weapon was for a knife, not a firearm, and he was never arrested for delivery of heroin. Plaintiffs allege Officer Kidd deliberately or recklessly omitted the accurate information and instead falsely associated Jack Allen's arrests with the presence of firearms in plaintiffs' home in order to obtain the twenty-four hour warrant.

5 - OPINION AND ORDER

that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The materiality of a fact is determined by the substantive law on the issue. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The authenticity of a dispute is determined by whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324.

The court must resolve all reasonable doubts as to the existence of genuine issues of material fact against the moving party and construe all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *T.W. Elec.*, 809 F.2d at 630. However, the Ninth Circuit has refused to find a genuine issue of fact where the only evidence presented is "uncorroborated and self-serving" testimony. *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996).

## DISCUSSION

Plaintiffs assert violations of their Fourth Amendment

6 - OPINION AND ORDER

rights based on the alleged judicial deception by defendants Kidd and/or Lowen. Plaintiffs allege that but for the judicial deception, Officer Kidd would not have successfully obtained or executed a twenty-four hour search warrant and further allege that the City failed to properly and adequately train its officers not to deceive a magistrate.

Defendants move for summary judgment on these claims, arguing that they are barred by the principle enunciated in *Heck v. Humphrey*, 512 U.S. 477 (1994). Defendants argue that success on plaintiffs' claims for judicial deception would necessarily imply that their criminal convictions are invalid, and therefore the claims must be dismissed.[2]  I agree.

If a § 1983 claim challenges the legality of a plaintiff's criminal conviction, then the claim must be dismissed unless evidence is presented that plaintiff's conviction has already been overturned or otherwise invalidated. *Heck*, 512 U.S. at 486-487; *see also Whitaker v. Garcetti*, 486 F.3d 572, 583-584 (9th Cir. 2007). The sole dispositive question is whether a plaintiff's § 1983 claim, if successful, would imply the invalidity of plaintiff's criminal conviction. *Whitaker*, 486 F.3d at 584. Plaintiffs here maintain that they are not challenging the search warrant *per se*, their convictions, or any

---

[2]Plaintiffs' claims for excessive force are not at issue in this motion for partial summary judgment.

7  -  OPINION AND ORDER

acts that would undermine their criminal convictions in violation of *Heck*. However, plaintiffs are mistaken.

Plaintiffs do not contend that their criminal convictions have been previously invalidated or overturned. Plaintiffs' criminal convictions resulted from evidence obtained through execution of the twenty-four hour search warrant. Plaintiffs allege nonetheless that the search warrant, which authorized seizure of evidence on which plaintiffs' convictions are based, was obtained by constitutionally unlawful means. Thus, a judgement in plaintiffs' favor on their judicial deception claim would necessarily imply that the search warrant, and therefore their resulting convictions, was invalid. Such a claim is barred by *Heck*. See also *Szajer v. City of Los Angeles*, ___ F.3d ___, 2011 WL 477052 at *4-5 (9th Cir. Feb. 11, 2011) (applying *Heck* to Fourth Amendment claims in barring collateral attack of criminal convictions.)

Defendants likewise argue that plaintiffs' *Monell* claim is barred to the extent it alleges that the City failed to train its officers not to deceive a magistrate. Without the constitutional injury asserted by plaintiffs' judicial deception claim against defendants Lowen and Kidd, plaintiffs' *Monell* claim against the City for failure to properly and adequately train its officers against judicial deception also fails. Because *Heck* bars plaintiffs from asserting judicial deception to challenge the

8 - OPINION AND ORDER

validity of the twenty-four hour search warrant, plaintiffs have no constitutional basis to assert a *Monell* claim for deficiently training officers not to commit judicial deception.

Plaintiffs nonetheless request a continuance under Fed. R. Civ. P. 56(f)(2) in order to "obtain the basic facts essential to preclude summary judgment on the *Monell* claim." Plfs.' Mem. in Supp. of FRCP 56(f) p. 2. Plaintiffs apparently conflate their judicial deception *Monell* claim with their excessive force *Monell* claim and assume that defendants have moved for summary judgment on the entirety of plaintiffs' *Monell* claims. However, defendants have not moved for summary judgment on plaintiffs' excessive force *Monell* claim. Thus, I consider whether continuance is warranted with respect to plaintiffs' claim based on judicial deception.

"[A] district court should continue a summary judgment motion upon a good faith showing by affidavit that the continuance is needed to obtain facts essential to preclude summary judgment." *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998) (internal citations omitted). Accordingly, moving parties must show "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *Id.* Plaintiffs have not met the requirements under

9 - OPINION AND ORDER

Rule 56(f).

Because *Heck* bars plaintiffs' claims against the officers for judicial deception, plaintiffs have no constitutional injury on which to base their judicial deception *Monell* claim. Thus, plaintiffs cannot show specific facts that they hope to elicit from further discovery in relation to this claim. Without such a showing, plaintiffs have not met the burden required by Rule 56(f).

Further, plaintiffs have not made a showing that any facts contributive to the alleged failure to train not to deceive a magistrate claim actually exist. Instead, the facts that plaintiffs hope to elicit during discovery are relevant to their excessive force claim and are not essential to resisting defendants motion for partial summary judgment on the judicial deception *Monell* claim. See Plfs.' Mem. in Supp. of FRCP 56(f) p. 2. Plaintiffs have made no showing that contrary facts essential to the motion exist, thereby failing the second and third requirements for success under Rule 56(f).

Plaintiffs therefore have not satisfied the requirements to succeed under Rule 56(f).

## CONCLUSION

Defendants' motion for partial summary judgement (doc. 12) is GRANTED with respect to plaintiffs' Fourth Amendment claim alleging judicial deception against defendants Kidd and Lowen and

10 - OPINION AND ORDER

GRANTED with respect to plaintiffs' claim that the City failed to train its officers not to deceive a magistrate. Plaintiffs' 56(f) motion for continuance (doc. 26) is DENIED.

IT IS SO ORDERED.

Dated this 23RD day of February, 2011.

                              /s/ Ann Aiken
                              Ann Aiken
                    Chief United States District Judge