BRIAN MICHAELS, OSB #925607
259 East Fifth Avenue, Suite 300-D
Eugene, Oregon   97401
Telephone: (541) 687-0578
Fax: (541) 686-2137
brian@brianmichaelslaw.com

MARIANNE DUGAN, OSB #93256
Co-Counsel
259 East 5th Avenue, Suite 200-D
Eugene, Oregon   97401
Telephone: (541) 338-7072
Fax: (541) 686-2137
mdugan@mdugan.com

      Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| JOANN ALLEN ERNST, JAMIE ALLEN, JOANNA ALLEN, AND JACK ALLEN, <br><br>    Plaintiffs, <br><br>    v. <br><br>CITY OF EUGENE, A MUNICIPALITY; Officer JOE KIDD, AND Officer MATT LOWEN, in their individual capacity, and as a police official for the City of Eugene, <br><br>    Defendants. | **Case No.:  10-6245-AA** <br><br> PLAINTIFFS' MOTION FOR ORAL ARGUMENT TO RECONSIDER CONCLUSIONS DRAWN IN COURT'S ORDER |

**LR 7.1(a) CERTIFICATION**

Counsel for Plaintiffs consulted with Defendants' attorneys and herein certifies that the parties

PAGE 1 - MOTION FOR ORAL ARGUMENT

made a good faith effort through email communications to resolve the dispute and have been unable to do so.

## MOTION

Plaintiffs herein request oral argument in order to clarify the finer points in Defendants' Motion For Partial Judgment, Plaintiffs' Response thereto, and this Court's Order Granting that Motion. Plaintiffs point out that each Party Requested Oral Argument to hear this motion.

In particular, this Court's Order concludes:

> Defendants move for summary judgment on these claims, arguing that they are barred by the principle enunciated in *Heck v. Humphrey,* 512 U.S. 477 (1994). Defendants argue that success on plaintiffs' claims for judicial deception would necessarily imply that their criminal convictions are invalid, and therefore the claims must be dismissed. I agree.

The primary purpose of this Motion is to impress upon the court the fact Plaintiffs do not disagree with the principle enunciated in Heck baring any claim which "would necessarily imply that their criminal convictions are invalid." Indeed, in their Memorandum, Plaintiffs went to great lengths in an attempt to clarify this point, and believes oral argument would have, and will, serve to further enunciate this point. Specifically, at pages 4-5, Plaintiffs pointed out how the Heck court itself foresaw a situation just as this:

> In the *Heck* decision itself, the Supreme Court made clear that a conviction does not preclude a Section 1983 action for damages sustained from an unlawful search if those damages do not encompass the injury of being convicted and imprisoned. In footnote 7 the *Heck* Court explained:

PAGE 2 - MOTION FOR ORAL ARGUMENT

FN7 For example, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, see Murray v. United States, 487 U.S. 533, 539, 108 S. Ct. 2529, 2534, 101 L.Ed.2d 472 (1988), and especially harmless error, see Arizona v. Fulminante, 499 U.S. 279, 307-308, 111 S. Ct. 1246, 1263-1264, 113 L.Ed.2d 302 (1991), such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful. In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which, we hold today, does not encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned).512 U.S. at 487 n. 7 (emph. added; internal citation omitted).

With this language, the Supreme Court foretold the exact situation which is posed before this court by Defendants' Motion For Partial Summary Judgment. Plaintiffs' action is based not upon any defect or deception in the search warrant issued to search and seize evidence of criminal activity. Ratther, plaintiffs' sole cause of action is based upon the "dynamic entry" warrant, and the deception inserted into the Application for Search Warrant which led to the search warrant being executed 24 hours via "dynamic entry." None of these plaintiffs is seeking to recover damages for the injury of being convicted and imprisoned. The only damages sought relate exclusively to those damages caused by the "dynamic entry," not the search and seizure of evidence. Therefore, defendants' reliance

PAGE 3 - MOTION FOR ORAL ARGUMENT

upon the conviction of each of the plaintiffs for misdemeanors, and for one felony, is misplaced – and irrelevant to this lawsuit.

Plaintiffs submit this Motion fully mindful of the unpleasant posture such a motion can be received. However, given the unique nature of Heck and its application to these facts, Plaintiffs were relying upon oral argument to assist in discerning this narrow issue. One way to express this distinction is to recognize there are actually two Warrants and two Affidavits for Warrants – one to search and seize for evidence; and a second to utilize a 24-hour dynamic (SWAT) warrant. Plaintiffs' claims only involve deception on the second Warrant which would not impact their convictions if successful. Plaintiffs seek Oral Argument to best explain these points.

Plaintiffs' position is that once law enforcement has sufficient probable cause to search and seize evidence of a crime, any problems with the dynamic entry portion of the warrant – or affidavit for search warrant -- does not impact the admissibility of the evidence seized. Defendants cite to no case which would suppress evidence on such a basis because there is none[1]. Without suppression, plaintiffs' claims for judicial deception would NOT necessarily imply that their criminal convictions are invalid. To Rule otherwise would be to allow law enforcement

///

///

///

///

---

[1] Suppression based upon excessive force in executing the warrant is not subject to a Heck analysis for obvious reasons

PAGE 4 - MOTION FOR ORAL ARGUMENT

///

impunity to deceive a magistrate in order to obtain a dynamic entry warrant whenever there is underlying probable cause to search a given residence.

RESPECTFULLY SUBMITTED This 2nd day of March 2011,

BY:

        /S/ BRIAN MICHAELS
BRIAN MICHAELS, OSB 925607
Attorneys for Plaintiffs

/S/ MARIANNE DUGAN
MARIANNE DUGAN, OSB 93256
Attorneys For Plaintiffs

PAGE 5 - MOTION FOR ORAL ARGUMENT